PEARSON, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | CASE NO. 5:12-cr-00125 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | JUDGE BENITA Y. PEARSON |
| | ) | |
| SHAMIQUE PALMER, *etc.*, | ) | |
| | ) | |
| Defendant. | ) | **ORDER** |

This matter is before the Court upon Magistrate Judge George J. Limbert's Report and Recommendation ("R&R") that the Court accept Defendant Shamique Palmer's ("Defendant") plea of guilty and enter a finding of guilty against Defendant. ECF No. 26.

On March 9, 2012, the Government filed an Information against Defendant alleging five counts in violation of 18 U.S.C. § 472, passing counterfeit obligations, aiding and abetting. ECF No. 20. Upon notice that Defendant intended to enter a guilty plea, the undersigned issued an order dated March 12, 2012 referring the matter to a United States Magistrate Judge, for the purpose of receiving Defendant's guilty plea. ECF No. 22.

A hearing was held on April 19, 2012 before Magistrate Judge George J. Limbert in which Defendant consented to the order of referral (ECF No. 24) and entered guilty pleas to counts 1-5 of the Indictment. Magistrate Judge Limbert received Defendant's guilty pleas and issued a Report and Recommendation recommending that this Court accept Defendant Shamique Palmer's pleas and enter findings of guilty. ECF No. 26.

(5:12-cr-00125)

The time limitation to file objections to the Magistrate Judge's report and recommendation has expired and neither party has filed objections or requested an extension of time.

> Fed. R. Crim. P. 11(b) states:
>
> Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, the court must inform the defendant of, and determine that the defendant understands, the following: (A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath; (B) the right to plead not guilty, or having already so pleaded, to persist in that plea; (C) the right to a jury trial; (D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding; (E) the right at trial to confront and cross-examine ad-verse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to com-pel the attendance of witnesses; (F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere; (G) the nature of each charge to which the defendant is pleading; (H) any maximum possible penalty, including imprisonment, fine, and term of supervised release; (I) any mandatory minimum penalty; (J) any applicable forfeiture; (K) the court's authority to order restitution; (L) the court's obligation to impose a special assessment; (M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a); and (N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence.

The undersigned has reviewed the transcript and the Magistrate Judge's R&R and finds, that in his careful and thorough proceeding, the Magistrate Judge satisfied the requirements of Fed. R. Crim. P. 11 and the United States Constitution.  Defendant was placed under oath and determined to be competent to enter pleas of guilty.  Defendant was made aware of the charges and consequences of conviction and her rights and waiver thereof.  The Magistrate Judge also correctly determined that the defendant had consented to proceed before the Magistrate Judge

(5:12-cr-00125)

and tendered her pleas of guilty knowingly, intelligently and voluntarily. Furthermore, the Magistrate Judge also correctly found that there was an adequate factual basis for the pleas.

Upon *de novo* review of the record, the Magistrate Judge's R&R is adopted. Therefore, the Defendant is adjudged guilty of Counts 1-5 of the Indictment, passing counterfeit obligations, aiding and abetting, in violation of 18 U.S.C. § 472.

IT IS SO ORDERED.

| | |
|---|---|
|  May 15, 2012 |  */s/ Benita Y. Pearson* |
| Date | Benita Y. Pearson |
| | United States District Judge |